WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Charles Fernandez, III, | CIV 13-355-PHX-NVW (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT COURT:

Petitioner David Charles Fernandez, III, who is confined in the Arizona State Prison Complex, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 15), and Petitioner has filed a traverse (Doc. 29).

## BACKGROUND[1]

After drinking alcohol and taking various drugs one night in January 2002, Petitioner physically assaulted his girlfriend by banging her head against a doorway, after which he retrieved an AK-47 rifle, approached a group of children and teenagers standing on an apartment balcony, and opened fire, killing an 11-year old boy. See State v. Fernandez, 216 Ariz. 545, 547-48, ¶¶ 1-6, 169 P.3d 641, 643-44 (App. 2007). He then approached a vehicle

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 15 – Respondents' Answer.

in which two adults and three children were seated. See id. After a brief conversation with the front-seat passenger, Petitioner proceeded to the back of the car and fired numerous shots into the car, wounding the driver, front-seat passenger, and two of the children. See id.

For his actions, Petitioner was convicted following a jury trial of one count of first degree murder and ten counts of attempted first degree murder. See id. Petitioner was sentenced to multiple terms of imprisonment, the longest of which is natural life. (Exh. A.)

On direct appeal, Petitioner raised three claims: (1) the trial court abused its discretion in allowing supplemental closing argument from both parties in response to a juror question concerning the first degree murder element of premeditation; (2) the jury's findings that Petitioner's crimes qualified as dangerous crimes against children were erroneous as a matter of state law; and (3) the trial court erred in failing to give an aggravated assault instruction as a lesser included offense of attempted first degree murder.[2] (Exh. B.) On October 18, 2007, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences with the exception that it vacated his sentence on Count 2 (attempted first degree murder) and

---

[2] At the end of Petitioner's Opening Brief, without any supporting argument or citation to authority, Petitioner also stated the following:

> 1. Did the existing Maricopa County jury-pool selection process deprive Fernandez his right to a fair cross section of the community as guaranteed by the federal and Arizona constitutions?
> 2. Was there sufficient evidence to support a finding of premeditation?
> 3. Did the trial court abuse its discretion in finding Rosalee Garcia competent to testify as a witness?
> 4. Was Fernandez's constitutional rights denied by a sleeping juror?
> 5. Is Fernandez entitled to a retroactive application of the self-defense law currently set forth in A.R.S. § 13-205, which shifted the burden of disproving self-defense on the State?

(Exh. B at 27.) The Arizona Court of Appeals, citing State v. Bolton, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995), found these claims waived for failure to provide supporting argument or citation to authority. See Fernandez, 216 Ariz. at 547, ¶ 1 n.2, 169 P.3d at 643 n.2.

1  remanded for resentencing.[3]  See Fernandez, 216 Ariz. at 548-55, ¶¶ 7-33, 169 P.3d at 644-
2  51.
3        The Arizona Supreme Court denied review on March 18, 2008, and the United States
4  Supreme Court denied certiorari on October 20, 2008.  See Fernandez, 216 Ariz. at 545, 619
5  P.3d at 641; Fernandez v. Arizona, 555 U.S. 970 (2008).  (Exh. E.)
6        On December 5, 2008, Petitioner completed the Notice of Post-Conviction Relief form
7  and filed the Notice on January 6, 2009.  (Exhs. C, E.)  On October 14, 2011, Petitioner,
8  through counsel, filed a PCR petition alleging (1) ineffective assistance of trial and appellate
9  counsel; and (2) that there was a change in the law that rendered the supplemental closing
10 arguments harmful and in violation of due process.  (Exhs. D, E.)  On August 2, 2012, the
11 trial court found Petitioner's ineffective assistance claims precluded for untimeliness under
12 Ariz.R.Crim.P. 32.4.  (Exh. E.)  Specifically, the trial court stated,

> Defendant provides no explanation or reason as to why the petition was untimely, and he certainly provides no explanation indicating that he was "without fault" pursuant to Rule 32.1(f).  Defendant indicates he was told by counsel that he could file his Rule 32 petition after his "direct appeal and Habeas Corpus was denied."  His direct appeal was complete by May 19, 2008 and his appeal to federal court was completed by October 20, 2008.  He nevertheless failed to file a timely petition.  The Court finds that defendant has not presented a colorable claim that his attorney's advice was erroneous or that his delayed filing was without fault. ... As a result, the petition is untimely.  Any claim of ineffective assistance of trial or appellate counsel is thereby untimely and precluded.

19 (Exh. E.)  The trial court further rejected Petitioner's claims of a significant change in the law
20 and denied his PCR petition.[4]  (Exh. E.)  Petitioner did not seek review before the Arizona
21 Court of Appeals.
22        On February 20, 2013, Petitioner filed the instant federal habeas corpus petition.
23 (Doc. 1.)  Petitioner raises four grounds for relief: (1) Petitioner's Fifth and Sixth

---

[3] Petitioner's resentencing took place on August 22, 2008.  The resentencing changed Petitioner's sentence for one of the attempted murder convictions (Count 2) from life in prison without the possibility of parole for 35 years to 25 years' imprisonment.  (Exh. A.)

[4] The trial court also rejected a claim that Petitioner's ineffective assistance claims were based on newly discovered evidence.  (Exh. E.)

- 3 -

1 Amendment rights were violated when the trial court provided the jury with erroneous
2 instructions; (2) Petitioner's trial counsel was ineffective, in violation of the Sixth
3 Amendment; (3) Petitioner's Fifth Amendment rights were violated when he was compelled
4 to be a witness against himself; and (4) Petitioner's trial counsel was ineffective, in violation
5 of the Sixth Amendment, for failing to adequately prepare and for failing to call available
6 defense witnesses. (Doc. 1 at 6-10.) Respondents filed an Answer (Doc. 15), and Petitioner
7 has filed a traverse (Doc. 29).

**DISCUSSION**

9 In their Answer, Respondents contend that Petitioner's claims are procedurally
10 defaulted. As such, Respondents request that the Court deny and dismiss Petitioner's habeas
11 petition with prejudice.

12 A state prisoner must exhaust his remedies in state court before petitioning for a writ
13 of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513
14 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To
15 properly exhaust state remedies, a petitioner must fairly present his claims to the state's
16 highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S.
17 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona
18 Court of Appeals by properly pursuing them through the state's direct appeal process or
19 through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th
20 Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

21 Proper exhaustion requires a petitioner to have "fairly presented" to the state courts
22 the exact federal claim he raises on habeas by describing the operative facts and federal legal
23 theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78
24 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim
25 he urges upon the federal courts."). A claim is only "fairly presented" to the state courts
26 when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim
27 under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)
28 (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner

1  fails to alert the state court to the fact that he is raising a federal constitutional claim, his
2  federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

3  A "general appeal to a constitutional guarantee," such as due process, is insufficient
4  to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518
5  U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005)
6  ("Exhaustion demands more than drive-by citation, detached from any articulation of an
7  underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because
8  its factual basis was presented to the state courts on state law grounds – a "mere similarity
9  between a claim of state and federal error is insufficient to establish exhaustion." Shumway,
10  223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

11  Even when a claim's federal basis is "self-evident," or the claim would have been
12  decided on the same considerations under state or federal law, a petitioner must still present
13  the federal claim to the state courts explicitly, "either by citing federal law or the decisions
14  of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations
15  omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32
16  (2004) (claim not fairly presented when state court "must read beyond a petition or a brief
17  ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

18  Additionally, under the independent state grounds principle, a federal habeas court
19  generally may not review a claim if the state court's denial of relief rests upon an
20  independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32
21  (1991). The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

26  Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for
27  presenting a valid claim deprives the state court of an opportunity to address the claim in
28  much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order

- 5 -

to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[5] and "adequate"[6] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding.  By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

---

[5] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[6] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

1         Furthermore, a subsequent "silent" denial of review by a higher court simply affirms
2  a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last
3  reasoned opinion on the claim explicitly imposes a procedural default, we will presume that
4  a later decision rejecting the claim did not silently disregard that bar and consider the
5  merits").
6         A procedural bar may also be applied to unexhausted claims where state procedural
7  rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred
8  from habeas review when not first raised before state courts and those courts "would now
9  find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir.
10 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only
11 when a state court has been presented with the federal claim,' but declined to reach the issue
12 for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally
13 barred.'") (quoting Harris, 489 U.S. at 263 n.9).
14        In Arizona, claims not previously presented to the state courts via either direct appeal
15 or collateral review are generally barred from federal review because an attempt to return to
16 state court to present them is futile unless the claims fit in a narrow category of claims for
17 which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding
18 claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar),
19 32.9(c) (petition for review must be filed within thirty days of trial court's decision).
20 Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate,"
21 either its specific application to a claim by an Arizona court, or its operation to preclude a
22 return to state court to exhaust a claim, will procedurally bar subsequent review of the merits
23 of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made
24 under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart,
25 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default
26 rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on
27 other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d
28 923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed"

Rule 32 of the Arizona Rules of Criminal Procedure); State v. Mata, 185 Ariz. 319, 334-36, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

In Ground One of his habeas petition, Petitioner contends that his Fifth and Sixth Amendment rights were violated when the trial court provided the jury with erroneous instructions. (Doc. 1 at 6.) In his first claim on direct appeal, Petitioner argued that the trial court abused its discretion in allowing supplemental closing argument from both parties in response to a juror question concerning the first degree murder element of premeditation. (Doc. 15, Exh. B.) The Court finds that Petitioner failed to fairly present Ground One as a federal claim in state court. Petitioner's first claim on direct appeal was premised entirely on Arizona authority, including Arizona case law and the Arizona Rules of Criminal Procedure. (Doc. 15, Exh. B.) And, the Arizona Court of Appeals disposed of Petitioner's

- 8 -

1  claim entirely on state law grounds. See Fernandez, 216 Ariz. at 548-52, ¶¶ 7-17, 169 P.2d
2  at 644-48. Although the factual basis of Ground One is similar to Petitioner's first claim on
3  direct appeal, a federal claim is not exhausted merely because its factual basis was presented
4  to the state courts on state law grounds – a "mere similarity between a claim of state and
5  federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988. A claim
6  is not "fairly presented" if the state court must read beyond a brief to find material that alerts
7  it to the presence of a federal claim. See Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir.
8  2008). Moreover, the failure to fairly present this claim has resulted in procedural default
9  because Petitioner is now barred from returning to the state courts. See Ariz.R.Crim.P.
10 32.2(a), 32.4(a). Petitioner has also failed to demonstrate a miscarriage of justice, or
11 establish cause for his noncompliance and actual prejudice. In his "Response to: State's
12 'Limited Answer'" (Doc. 29), Petitioner spends the majority of his pleading discussing the
13 statute of limitations and merits, and essentially concedes that he has failed to exhaust his
14 habeas claims. Petitioner states, "[s]ince it is not clear whether or not the Petitioner has
15 exhausted his claims, and procedural bar(s) may not exist, the Petitioner asks this Court for
16 Remand, in light of the possibility of procedural bar." (Doc. 29 at 8-9.) Thus, the Court will
17 recommend that Ground One of Petitioner's habeas petition be denied and dismissed.
18      In Ground Two of his habeas petition, Petitioner alleges that his trial counsel was
19 ineffective in violation of the Sixth Amendment. (Doc. 1 at 7.) Specifically, Petitioner states
20 that "[c]ounsel was ineffective by failing to make sure jury instructions was complete, thus
21 causing deliberating jury to request definition of major element of crime charged." (Doc. 1
22 at 7.) In Ground Four, Petitioner asserts that his trial counsel was ineffective, in violation
23 of the Sixth Amendment, for failing to adequately prepare and for failing to call available
24 defense witnesses. (Doc. 1 at 10.) And, in a portion of Ground Three, Petitioner also states
25 that his appellate counsel "did not display minimal professional competence when he merely
26 listed the issue regarding the retroactive application of A.R.S. § 13-205(A) to Petitioner's
27 case at the end of his appellate brief without providing any supporting argument or legal
28 authority for the claim." (Doc. 1 at 8.)

1    In his PCR petition, Petitioner, through counsel, alleged ineffective assistance of trial counsel for failing "to call defense eyewitnesses to testify at trial even though they would have corroborated David's description of the incident, and why he fired the weapon in self-defense." (Doc. 15, Exh. D at 14.) He further alleged ineffective assistance of appellate counsel for failing "to properly present David's appellate claim regarding the erroneous jury instruction for the burden of proving self-defense." (Doc. 15, Exh. D at 14.) On August 2, 2012, the trial court found all of Petitioner's ineffective assistance claims precluded for untimeliness pursuant to Ariz.R.Crim.P. 32.4. (Doc. 15, Exh. E.) Petitioner did not seek review before the Arizona Court of Appeals. Thus, the Court finds that both procedural default scenarios are present with respect to Grounds Two, Four, and part of Ground Three of Petitioner's habeas petition.

First, the state court applied a procedural bar finding that Petitioner's claims of ineffective assistance were untimely pursuant to Ariz.R.Crim.P. 32.4. The state court's reliance on a procedural bar operates as an independent and adequate ground in support of that decision. See Coleman, 501 U.S. at 729-32; see also Stewart, 536 U.S. at 860-61; Ortiz, 149 F.3d at 931-32. Second, Petitioner failed to raise any of the claims asserted in his PCR petition in a petition for review to the Arizona Court of Appeals. Therefore, Petitioner did not fairly present his claims of ineffective assistance of counsel. See Swoopes, 196 F.3d at 1010; see also Baldwin, 541 U.S. at 29 ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim"). And, the failure to fairly present his ineffective assistance claims has resulted in procedural default because Petitioner is now barred from returning to the state courts. See Ariz.R.Crim.P. 32.2(a), 32.4(a), 32.9. Petitioner has failed to argue much less demonstrate a miscarriage of justice, or establish cause for his noncompliance and actual prejudice. The Court will recommend that Grounds Two, Four, and part of Ground Three of Petitioner's habeas petition be denied and dismissed.

In Ground Three, Petitioner claims that his Fifth Amendment rights were violated when he was "compelled to be a witness against himself in order to obtain self-defense."

1  (Doc. 1 at 8.) As stated previously, at the end of his Opening Brief on direct appeal, and
2  without any supporting facts or argument, Petitioner stated, *inter alia*, "[i]s Fernandez
3  entitled to a retroactive application of the self-defense law currently set forth in A.R.S. § 13-
4  205, which shifted the burden of disproving self-defense on the State?" (Doc. 15, Exh. B at
5  27.) The Arizona Court of Appeals, citing State v. Bolton, 182 Ariz. 290, 298, 896 P.2d 830,
6  838 (1995), found this claim waived for failure to provide supporting argument or citation
7  to authority. See Fernandez, 216 Ariz. at 547, ¶ 1 n.2, 169 P.3d at 643 n.2. The Court finds
8  that Petitioner failed to fairly present Ground Three in state court for two reasons.

9  First, as indicated, at the end of his opening brief on page 27, Petitioner simply listed
10 the issue on appeal in one sentence – failing to cite any facts material to the issue or construct
11 any argument in the body of his brief. This was insufficient to present Ground Three to the
12 Arizona Court of Appeals on direct review. Second, the issue on direct appeal was based
13 entirely on Arizona authority and failed to contain any sign of a federal claim. Again, a
14 "mere similarity between a claim of state and federal error is insufficient to establish
15 exhaustion." Shumway, 223 F.3d at 988. The failure to fairly present this claim has resulted
16 in procedural default because Petitioner is now barred from returning to the state courts. See
17 Ariz.R.Crim.P. 32.2(a), 32.4(a). And, Petitioner has failed to allege a miscarriage of justice,
18 or establish any cause for his noncompliance and actual prejudice. The Court will
19 recommend that Ground Three of Petitioner's habeas petition be denied and dismissed.

20                               **CONCLUSION**

21 Grounds One through Four set forth in Petitioner's habeas petition are procedurally
22 defaulted, and Petitioner has not established cause for his failure to raise his claims in state
23 court, actual prejudice, or demonstrated that a miscarriage of justice would result if these
24 issues are not addressed. Thus, the Court will recommend that Petitioner's Petition for Writ
25 of Habeas Corpus be denied and dismissed with prejudice.

26 **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
27 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
28 **PREJUDICE**;

1 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of January, 2014.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge